23 C.C.P.A.(Patents)

### In re PARKER.

### Patent Appeal No. 3551.

Court of Customs and Patent Appeals.
Nov. 25, 1935.

Owen & Owen, of Toledo, Ohio (Scott H. Lilly, of Toledo, Ohio, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from the decision of the Board of Appeals of the United States Patent Office, which affirmed the action of the Primary Examiner in rejecting claim 1, being the only method claim, in appellant's application for a patent on a method of and apparatus for gathering glass from a pool of molten glass and delivering it to a series of receivers where blown glassware is formed. Claims 2, 4, and 5, directed to an apparatus for carrying out the method, were allowed. Claim 1 reads as follows: "1. The method of gathering glass from a pool and delivering it to a series of receivers, moving past the pool, by a gathering device, which consists in moving the gathering device over the pool, while gathering, in a direction opposite to the direction of movement of the receiving devices, then from the pool to registration with a receiving device, then in synchronism with and over the receiving device for a material distance and in vertical alignment therewith while delivering gathered glass thereto, then directly back over the pool to the starting point, and repeating the cycle and delivering a gather to another glass receiver."

While the method involved may be understood fairly well from the claim itself, the board has stated the steps of the method and the requirements of the claim quite definitely in the following language: "* * * In this connection it may be noted that the method set forth in the appealed claim requires that a gathering device must move over a pool of molten glass in contact with its surface while gathering. This movement must be in a direction opposite to the direction of movement of receiving mold devices while they are moving past the pool. The gathering device must then move from the pool to position over the receiving mold device and travel in synchronism therewith for a material distance in vertical alignment therewith while delivering gathered glass thereto, then the gathering device must again move over the pool to its original starting point and repeat the cycle."

The Primary Examiner, in allowing the apparatus claims, said: "* * * The machine has exactly the same mechanical elements as the British patent but to perform in the desired manner would require a different control structure. The apparatus claims have accordingly been allowed."

The method claim which was by the examiner rejected as unpatentable over the British patent to Thomson-Houston,

293,456 of January 3, 1929, in view of Rule, 1,453,285, of May 1, 1923, was further rejected by him as being drawn to the function of appellant's machine. Certain other patents are in the record and were used to illustrate the movements of feeding devices in the glass feeding art.

The Board of Appeals disagreed with the examiner as to his rejection of the involved claim on the prior art and definitely held that the claim was not anticipated by the references "either alone or taken in combination." The board affirmed the action of the examiner in rejecting the claim on the ground that it was merely the statement of the function of the machine, and said:

"Concerning the question of rejection on the ground that the appealed claim is merely a statement of the function of the machine, we believe it is established that the situations as to the allowance of machine claims and claims in the form of purely mechanical steps which correspond or are similar to the mechanical action of the machine, may be classed in three groups. In the first situation the statement of method may so closely follow the action of the machine as to be practically dependent thereon and not conceivable as being carried out separately or to any practical extent separately from or independently of the machine. In such case the method represents nothing but the action of the machine and should not be considered to be a true separately patentable method. In another situation the method may be of such nature that while it can be applied in terms to a machine still it is clearly not at all dependent upon any particular machine but would obviously be useful in general as carried out either manually or by implements or other forms of machines built on different plans from the one shown. Probably in most such cases claims for the method would if allowable over the state of the art, constitute a separate subject of invention and generally should not be allowed to stand in the same case with claims for the machine. The third case may be regarded as constituting an intermediate zone where it may be difficult to decide between whether the claimed method represents anything separate from the mere function of the machine or may doubtfully be separate enough as to constitute a true subject of invention. In such

cases the question of patentability of the method over the machine is one for individual determination.

"*After careful consideration of the situation presented here it is our opinion that while it is conceivable that the steps set forth in the sequence of that of the appealed claim might be partly carried out by hand, such alleged method represents nothing of practical importance if separated from a machine of the type shown.* So far as stirring the glass in the furnace to produce a current therein is concerned, it is totally immaterial whether the gathering or blank forming element move in one direction or another while in the glass. The essential requirement is that the gathering device which must oscillate for a time with the continuously traveling receiving molds should make the shortest and most conformable path of travel to accomplish this. This is believed to be purely and simply the mechanical movement of the device and it is not regarded as being a true patentable method separate from the machine. It is regarded as so clearly and simply the movement of parts of this particular machine that we do not believe it constitutes such method. *We have given careful consideration to and agree with applicant's contention that the relation of movements of this gathering device and the receiving molds is probably the most efficient of the various different ways of moving them,* that is, where the paths of movement of the two parts are broadly analogous to that of points on two meshing gears. However, this is believed to be only function of machine and not true method. The act of stirring the glass in a backward direction relative to the molds is an independent matter which as such is of no advantage over stirring it in the other direction. [Italics ours.]

"It is our opinion that this ground of rejection is warranted."

The courts have frequently had before them questions quite similar to the one presented here, namely: When is a method claim objectionable as being a mere recital of the function of a machine? This court has, on a number of occasions, considered the question here presented. Substantially the same question was involved in our decision of the case of In re McKee, 79 F.(2d) 905, 23 C.C.A.(Patents) ——, decided concurrently herewith. In Re Ernst et al., 71

F.(2d) 169, 21 C.C.P.A.(Patents) 1235, the authorities were carefully considered and our reasoning in that case was followed in Re McCurdy, 76 F.(2d) 400, 22 C.C.P.A.(Patents) 1140.

▆ From all the authorities it appears that the rule has become well settled that if the method of a claim can be performed by any other apparatus than that of the applicant, or if it can be performed by hand, it cannot be said that the claim recites the mere function of the apparatus so as to make its allowance double patenting. We think this rule, when applied to the issue at bar, controls the decision of the only question presented. If the steps of the method may be performed by other apparatus or by hand, the ground of rejection by the board, we think, must be held to be unsound.

It will be noticed that in the opinion of the board is the following statement: "After careful consideration of the situation presented here it is our opinion that while it is conceivable that the steps set forth in the sequence of that of the appealed claim might be partly carried out by hand, such alleged method represents nothing of practical importance if separated from a machine of the type shown. * * *"

It is difficult to understand just what is meant by the latter part of the last-quoted language. The solicitor for the Patent Office, after quoting this part of the board's decision, states: "As the Board of Appeals intimated, it is apparent that an implement held in the hand and guided by the hand could gather glass from a pool and deposit it in a series of receivers. As the Board of Appeals observed, however, the particular movement imparted by hand would there be without patentable significance. * * *"

▆ If the board by the above-quoted language meant to say, and we know of no other meaning to give the language, that before the rule we are here considering can be applied in cases like that at bar, the carrying out of the method by hand should be of practical impor-

tance to the extent that it is commercially important, we think it was in error. In making application of the rule, surely the Patent Office or the courts are not required to weigh and consider the merits of the practical and commercial possibilities involved in a comparison of machine operation and hand operation. It frequently occurs, as it has in the case at bar, that a given piece of work may be done by hand by following a sequence of steps, the steps of which method may be new, useful, and inventive, and an inventor then may produce a machine that will carry out the steps of the invention. Invention may rest in the steps of the method and it may rest in the production of the machine. In the case at bar, the board has held that the prior art did not disclose the steps of appellant's method, and because of the novelty and usefulness of the appellant's device, the article claims were allowed by the examiner. Appellant in his brief has discussed the prior art with a view of showing, not only that appellant's process might be carried out by the hand operation of certain features of prior art machines, but also to illustrate the possibility of appellant's process being carried out by more than one kind of machine.

After careful consideration, we are of the opinion that the Board of Appeals erred in holding that the steps of the method were "purely and simply the mechanical movement of the device" which had been held to be patentable. The board was of the opinion that the relation of movements of the gathering device and the receiving molds was "probably the most efficient of the different ways of moving them." We think it is clearly apparent that appellant's method is an advancement in the art. We think he is entitled to a claim which will afford him adequate protection. He would have no adequate protection if others were privileged to carry out appellant's novel method of glass feeding by using some other kind of machine with which to do it.

The decision of the Board of Appeals is reversed.

Reversed.